Modified.

24 C.C.P.A. (Patents)

## In re MacLEAN et al.
### Patent Appeal No. 3799.

Court of Customs and Patent Appeals.
May 29, 1937.

Strauch & Hoffman, of Washington, D. C. (William A. Strauch, James A. Hoffman and Rex P. Mulligan, all of Washington, D. C., and Lewis D. Konigsford, of Pittsburgh, Pa., of counsel), for appellants.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

A number of claims in appellants' application for a patent relating to a pressure compensating gas meter were allowed by the Primary Examiner of the United States Patent Office. Claims 44, 46 and 60 were rejected for reasons to be hereinafter stated, and upon appeal to the Board of Appeals the Examiner's rejection of the involved claims was affirmed for substantially the same reasons as those given by the Examiner. Appellants have appealed here from the decision of the Board.

Claim 60 is illustrative of the three claims on appeal and follows: 60. A volumetric gas meter comprising an index, and means to drive said index to indicate the volume flow of gas through the meter; a second index; driving means for said second index including a frictional one-way clutch operatively connected to said first index and a cam mechanism; pressure responsive means connected for response to the supply pressure to said meter to control said cam mechanism to drive said second index through said clutch at a rate varied in accordance with variations in the supply pressure to correct the indication of said second index to a predetermined lower base pressure.

The alleged invention involved here is a gas meter which not only measures the volume of gas regardless of its pressure, but in addition, by proper co-operative means, mechanically computes the volume of gas measured by the meter in terms of cubic feet delivered at the specified base pressure. For this purpose appellants employ an uncorrected volume counter which operates from the positive displacement meter and indicates the volume of gas without correcting for its pressure, and a corrected volume counter which is driven from the uncorrected volume counter by driving mechanism in which the driving ratio changes in accordance with the pressure of the gas. Since gas is compressible, a much greater quantity of gas by weight passes through the meter when the line pressure is increased and it is important to industrial users who desire certain heating values to not only get a certain volume of gas but also a definite number of heating units. The well-known bellows type of gas meter which measured only volume had long been used. Certain other devices which attempted to take pressure into consideration in connection with the metering of gas were also used. It is shown that the use of the latter was unsatisfactory inasmuch as it was not possible to make the required compensatory computation with any degree of accuracy. It is stated by applicant that a 2 per centum tolerance in accuracy was acceptable but that, until appellants' device was invented, no meter would measure within that degree of accuracy.

During the prosecution of the application in the Patent Office many different references were cited, but as affects the claims involved here but two references are relied upon: Rudolph et al., 1,426,109, August 15, 1922; Diehl, 1,923,356, August 22, 1933.

Diehl, the main reference, is for a meter of the general type of appellants which accomplishes the same result as that of appellants in substantially the same way, that is to say, it will indicate a quantity as determined both by the volume of the gas and its pressure. Diehl's meter, as far as is of importance here, differs from applicants' device only in that in the driving mechanism of Diehl there is a pawl and ratchet connection of the usual type which permits motion of a measuring arm in only one direction.

Appellants have in their device substituted for said pawl and ratchet a frictional one-way ball clutch. Appellants thus describe this type of clutch in an amendment made to the specification during the prosecution of this application in the Patent Office: "* * * Various forms of one-way clutches have been the subject matter of separate patents and are well known in the art, and the ball type clutch that is found in this case is specifically well known, one example being the well known 'free-wheeling' devices on automobiles today, wherein rotation of a driving member in one direction forces the driven member to rotate therewith, whereas if the driving member is rotating in reverse direction, the balls do not engage their run-way and the parts slip."

It is conceded that the pawl and ratchet is intended to accomplish, and less efficiently does accomplish, the same purpose as appellants' frictional one-way ball clutch.

The Rudolph et al. reference was relied upon only to show that appellants' particular type of clutch was not new but was well-known and its use was well understood by any mechanic who sought to make a connection of the character required here. Since it is conceded that

this type of clutch is old, it will not be necessary to further discuss the details of the Rudolph et al. reference.

The three claims involved depend for their patentability upon the inclusion therein of language describing the frictional one-way ball clutch in combination with the other elements of the device. The claims at bar are much broader than the allowed claims, the allowed claims being drawn to cover specific structural limitations not found in the prior art.

The Examiner, in rejecting the claims, took the position that it did not involve invention to substitute the one-way ball clutch for the pawl and ratchet device of Diehl; that a mechanic skilled in the art would understand the inaccuracies which would arise, at least in part, from the pawl and ratchet device, and substitute a more suitable device which would eliminate or reduce the inaccuracies.

The Board of Appeals was of the same opinion. The gist of the Board's opinion is contained in the following language: We have given careful consideration to applicants' showing and contentions but are unable to agree that this situation presents a matter constituting invention. It is our opinion that it falls very clearly under the rule of law that the broad substitution of an element of a combination by an equivalent known element where no new or unobvious result is produced does not constitute invention. While we can see and appreciate that the friction drive clutch in this relation prevents lost motion and consequently greater accuracy we still believe that if it was found that where such inaccuracy was such as to be material that it would be apparent to one skilled in the art to substitute some drive which is not inherently defective in this relation.

In this court, appellants argue at great length that part of their invention was to discover the cause of the inaccuracy of the old device. They call attention to the fact that the teeth or gear notches of the ratchet in the Diehl device necessarily would produce inaccuracies; that such a device cannot transmit a variable one-way motion without error, whereas a one-way ball clutch transmits in one direction faithfully and accurately all motion imparted to it. Appellants argue that it is not practicable to lessen the size of the teeth of the ratchet in the Diehl device in order to lessen the degree of inaccuracy, since to do so would be to weaken the device and shorten its life.

It is conceded in this case that appellants have produced a compensating gas meter which is exceptionally accurate— much more accurate than any prior metering device of this character. Much of the improvement in accuracy is, evidently, largely due to the substitution of the one-way clutch for the pawl and ratchet device. It is argued by the solicitor for the Patent Office that the improvement of appellants over the Diehl device is not a new result but is only a change in degree and not one of kind and that getting a better result by using the same device or equivalents does not necessarily imply invention. The solicitor has cited as supporting authority for his contentions the cases of Pickering et al. v. McCullough et al., 104 U.S. 310, 26 L.Ed. 749; In re Cross, 53 F.(2d) 902, 19 C.C.P.A. (Patents) 788; Robbins v. Steinbart, 57 F.(2d) 378, 19 C.C.P.A. (Patents) 1069; In re Barsky, 62 F.(2d) 192, 20 C.C.P.A. (Patents) 779; and In re Williams, 36 F.(2d) 436, 17 C.C.P.A. (Patents) 718.

While neither the "Examiner's Statement" nor the Board's decision definitely refers to the question of degree, the Examiner in rejecting one of the claims at bar originally stated that, as far as the particular combination involved in the claim was concerned, the two clutches (Diehl's and the applicants') were equivalents and that the difference in the results of the two clutches was only a matter of degree.

Both the Examiner and the Board also commented upon the fact that when applicants filed their application they did not regard the frictional one-way ball clutch as of controlling importance. The claims as originally filed called for a "one-way ratchet mechanism" which was broad enough to cover the ratchet mechanism of Diehl.

We are of the opinion that the rejected claims do not define invention over the prior art cited, and that the Board properly affirmed the decision of the Examiner in rejecting the appealed claims. The decision of the Board of Appeals is affirmed.

Affirmed.